```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Harry L. McCray,

                Plaintiff,

      -against-                         MEMORANDUM AND ORDER
                                        09-CV-4150(JS)(ETB)

Nassau County Medical Staff,
Edward Rally¹,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Harry L. McCray
                   1036 NE 1st Avenue
                   Gainesville, FL 32601

For Defendants:    No appearances
```

SEYBERT, District Judge:

Pending before the Court is Harry L. McCray's pro se Complaint against the Nassau County Medical Staff and Edward Reilly, along with an application to proceed in forma pauperis.² The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) for the limited purposes of this Order, but for the reasons set forth below, the Complaint is dismissed.

---

¹ The Clerk's Office is directed to correct the caption to reflect the correct spelling of Defendant's name as Edward Reilly.

² Plaintiff, who is presently incarcerated, is a frequent filer in this Court. His other cases include: McCray, et al. v. Jablonsky, 97-CV-0060 (E.D.N.Y. filed 01/06/1997); McCray, et al. v. NY State Dept Corr., et al., 00-CV-4303 (E.D.N.Y. filed 07/21/2000) (dismissed pursuant to 28 U.S.C. 1915(e)(2)); McCray v. Coombs, 02-CV-6033 (E.D.N.Y. filed 11/08/2002).

BACKGROUND

Although Plaintiff filed his Complaint on a standard form, his allegations are virtually incomprehensible. Plaintiff alleges in part:

> On or near March 204 or 205 [sic], I Harry L. McCray was arrested in Freeport NY DWLS and sentanced [sic] to 90 days. My claim is the Delbert indeferences [sic] of mental stress emotional pain and suffering lack of adequate medical care hindering and interference by state officials. After Joe Joblontsky x Sheriff of Nassau County lost his post in 1999 after the beating death of thomas pizzo at the jail. I was witness to the assault. Due to the abuse therates [sic] and harm I ricived [sic] plus food poisoning due to members defecation and urin [sic] in my food and on me by way of hypnois martin sabba skils [sic].

Plaintiff further alleges that he has lost all muscle mass and walking ability, and has mental illness "as a result to this treatment of staff and pet inmates that look for time cuts or early release." (Compl. ¶ IV.A). Plaintiff also seeks "a special DNA request as a matter of my imprisonment and the sexual abuse I suffered by the state officers with the use of martin sabba hypnosis skills." (Compl. ¶ IV.A).

Plaintiff seeks, among other things, genetic exculpatory evidence for a jury, "statements from experts to expose this from communicable disease made by the state," and ten million dollars. (Compl. ¶ V).

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Standard of Review

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the in forma pauperis statute, the Court must dismiss a Complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is "frivolous" if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or if it is "based on an indisputably meritless legal theory" - that is, when it "lacks an arguable basis

3

in law, or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

III. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's Complaint falls short of giving fair

notice of his claim as required by Rule 8. The series of scattered statements and allegations in the Complaint appear to relate to mental stress, emotional pain and suffering, and an unknown allegation involving hypnosis and "martin sabba skills." (Compl. ¶ IV). Defendants are not specifically mentioned in the Complaint and it is not possible to ascertain how the injuries occurred. Defendants cannot be expected to parse Plaintiff's Complaint into comprehensible legal claims, or even understand factually the nature of Plaintiff's allegations. See In re Roy, No. 08-CV-0388, 2008 U.S. Dist. LEXIS 11730, at *2 (E.D.N.Y. Feb. 15, 2008) (dismissing sua sponte for failure to conform with Rule 8); Crisci-Balestra v. Civil Serv. Emples. Ass'n, No. 07-CV-1684, 2008 U.S. Dist. LEXIS 10870, at *18 (E.D.N.Y. Feb. 13, 2008) ("When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte.") (citing to Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

While the pleadings of a pro se litigant should be liberally construed in her favor, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support a claim against the Defendants, the present Complaint fails to satisfy Rule 8 and cannot be sustained in its present form. However, in light of Plaintiff's pro se status, the Court GRANTS Plaintiff thirty (30) days to file

5

an Amended Complaint that corrects the deficiencies noted herein and complies with Federal Rule of Civil Procedure 8.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

CONCLUSION

Based on the foregoing, it is hereby ORDERED that: (1) Plaintiff's request to proceed in forma pauperis is GRANTED; (2) the agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; (3) the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; (4) the Clerk must mail a copy of this Order to the Plaintiff and the superintendent of the facility in which Plaintiff is incarcerated; (4) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and with leave to amend within 30 days of the date of this Order; (5) if Plaintiff fails to submit an Amended

Complaint within 30 days of the date of this Order, this Complaint will be dismissed with prejudice, and the case will be closed.

If Plaintiff files an Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each Defendant, and the relief he is seeking with respect thereto. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

SO ORDERED

/s JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: Central Islip New York
December 28, 2009